IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MICHAEL MESCEDA, a/k/a MICHAEL
R. MESCEDA,

        Plaintiff,

    v.

J.P. MORGAN CHASE, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-1040 (GTS/DEP)

APPEARANCES:

FOR PLAINTIFF:

MICHAEL MESCEDA, *Pro se*
3547 NY Route 79
Harpursville, NY 13787

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    This is an action commenced by *pro se* plaintiff Michael Mesceda, a/k/a Michael R. Mesceda, against four large banking institutions. Although difficult to discern, it appears plaintiff alleges that defendants have defrauded their mortgagees. In his complaint, plaintiff states that he

is seeking relief on behalf of himself and others who have outstanding mortgage loans from defendants.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* have been forwarded to me for consideration. Based upon my review of those materials, I grant plaintiff's motion for leave to proceed without prepayment of fees, but recommend that his complaint be dismissed, with leave to replead.

I.   BACKGROUND

Plaintiff commenced this action on August 31, 2018. Dkt. No. 1. Named as defendants in his complaint are J.P. Morgan/Chase, Bank of America, Wells Fargo, and Citigroup. *Id.* at 2. Plaintiff purports to bring the action "on behalf of those individuals who currently have a mortgage of $80,000 or less and/or are currently under foreclosure by any of defendants named herein, and have had said mortgage for 10 years or longer." *Id.* at 5. In his complaint, plaintiff alleges that defendants have been routinely fined by the federal government for their "questionable actions," including but not limited to defrauding their mortgagees. *Id.* at 4-5. Plaintiff's complaint does not directly specify the relief sought, although it is styled as including a request for injunctive relief, and claims that the amount in controversy is $125.9 trillion. *See id.* at 1, 4.

2

II. <u>DISCUSSION</u>

    A.    <u>Plaintiff's IFP Application</u>

Plaintiff's complaint was accompanied by a motion for leave to proceed IFP. Dkt. No. 2. When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

Plaintiff's IFP application in this action is complete and demonstrates his entitlement to that status. Accordingly, I will grant his request for leave to proceed in this action without prepayment of fees or costs.

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

B.   Standard of Review

1.   Sufficiency of Plaintiff's Complaint

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

5

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

6

2. Analysis

A careful review of the complaint in this action fails to disclose the existence of any cognizable claim asserted by plaintiff. As a threshold matter, I note that he has not alleged the requisite interest in the lawsuit necessary to establish his standing to assert claims on behalf of the class in this action. "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Arising from the case and controversy requirement of Article III of the Constitution, "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Clapper v. Amnesty Int'l*, 568 U.S. 398 (2013). The standing requirement is reflective of "an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quotation marks omitted). To establish standing for purposes of the constitutional "case or controversy" requirement, a plaintiff must show that he personally has suffered an injury

7

that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 568 U.S. at 409 (quotation marks omitted).

Plaintiff's complaint fails to allege, for example, that one or more of defendants holds a mortgage in connection with property owned by plaintiff. Similarly, he has failed to allege that he suffered harm as a result of the actions by one or more of defendants.

I note further that it appears plaintiff is attempting to assert fraud claims against defendants. Rule 9 of the Federal Rules of Civil Procedure, however, requires specificity when a party alleges fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or a mistake.") (emphasis supplied); *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25-26 (2d Cir. 2016). Such specificity is wholly lacking in plaintiff's complaint.

Because I am unable to conclude that plaintiff's complaint states a cognizable claim against defendants in this action, I recommend that it be dismissed.

C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal

reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this case, because of the lack of detail provided in plaintiff's complaint concerning defendants' actions toward him and other putative

class members, I am unable to conclude with complete certainty that, if granted leave to amend, he would nonetheless be unable to state a cognizable cause of action. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such

amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## II.  SUMMARY, RECOMMENDATION, AND ORDER

Plaintiff's IFP application is complete, and demonstrates his entitlement to that status. Accordingly, I will grant his application for leave to proceed without prepayment of fees. Turning to the merits of plaintiff's complaint, however, I find that it fails to disclose the existence of a cause of action upon which relief may be granted, and therefore recommend its dismissal, with leave to replead. Based upon the foregoing, it is hereby

ORDERED, that plaintiff's motion for leave to proceed without prepayment of fees or costs (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED, that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED, with leave to replead within thirty (30) days of the date of any order implementing this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: September 14, 2018
Syracuse, New York

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).